IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02203-EWN-BNB

MICHAEL BURKE, Taxpayer,

Plaintiff,

v.

U.S. SENATOR WAYNE ALLARD,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Defendant's Motion to Dismiss** [Doc. #7, filed 11/6/06]

and **Defendant United States Senator Wayne Allard's Motion to Dismiss Amended**

**Complaint** [Doc. #17, filed 1/19/07]. For the following reasons, I respectfully RECOMMEND

that the motions be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se*

plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate

for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of

Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under

Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions

> the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

This case was removed from the Mesa County Combined Court on November 2, 2006. The Complaint asserts two claims. Claim One alleges that the defendant, a member of the United States Senate, misappropriated federal tax dollars in violation of "Article 1, Section 8 of the United States Constitution which provides that 'Congress shall have the power to lay and collect taxes . . . to pay the debts and provide for the common defence and general welfare of the United States.'" Claim Two alleges that the defendant's misappropriation of federal tax dollars constitutes treason in violation of Article 3, Section 3, of the Constitution.

On January 4, 2007, I allowed the plaintiff to amend his Complaint as a matter of course [Doc. #16]. The amendment asserts four additional claims. *Motion to Join Counts III, IV, V and VI to this Civil Action* [Doc. #14, filed 12/26/06] (the "Supplemental Complaint"). Claim Three alleges that the defendant committed perjury when he made statements on his website regarding future appropriation of tax dollars. Claim Four alleges that the defendant is responsible for the deaths of American soldiers in Afghanistan and Iraq due to his misappropriation of tax dollars. Claim Five alleges that the defendant violated Article 1, Section 6, of the Constitution because he accepted "automatic Congressional pay raises." Claim Six alleges that the Congressional retirement plan is unconstitutional.

The plaintiff requests that the defendant "be required to return an amount not less than ONE TRILLION DOLLARS to the United States treasury to be used 'for the common defence and general welfare of the United States.'" *Complaint*, p. 3.

### III.  ANALYSIS

The defendant seeks dismissal of the case on various grounds, including sovereign immunity and lack of standing. The defendant presents facial challenges to the Complaint and Supplemental Complaint. Therefore, I accept the allegations in these pleadings as true. Holt, 46 F.3d at 1003.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Sovereign immunity shields the Federal Government and its agencies from suit. Department of the Army v. Blue Fox,

Inc., 525 U.S. 255, 260 (1999).  The government consents to be sued only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in statutory text.  United States v. Nordic Village, Inc., 503 U.S. 30, 37 (1992).  Sovereign immunity extends to injunctive relief.  United States v. Murdock Machine and Engineering Co. of Utah, 81 F.3d 922, 929-30 (10th Cir. 1996) (citing Hatahley v. United States, 351 U.S. 173, 176 (1956).

"A waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted).  The plaintiff bears the burden of establishing waiver to sovereign immunity.  Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992).  A matter must be dismissed "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."  Fed. R. Civ. P. 12(h)(3).

Suits against officers in their official capacities are suits against the entity of which an officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  The defendant, a member of the United States Senate, is an agent of the United States.  The plaintiff has not established that the United States has waived its sovereign immunity as to his claims.  Therefore, to the extent the defendant is sued in his official capacity, the claims are barred by sovereign immunity.

The plaintiff does not specify whether he is suing the defendant in his individual or official capacity.  However, when a plaintiff brings an action against a named individual defendant, but the acts complained of consist of actions taken by the defendant in his capacity as an official of the United States, the action is in fact an action against the United States.  Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).

The facts alleged in support of the plaintiff's claims all involve the defendant's actions in his official capacity as a United States Senator. The majority of the plaintiff's claims are premised on the defendant's alleged misappropriation of federal tax dollars. The remaining claims attack the defendant's salary and benefits as a United States Senator. I find that the defendant is sued in his official capacity as a member of the United States Senate and that the claims against him are barred by sovereign immunity.

In addition, the plaintiff lacks standing to bring this suit. Article III of the Constitution provides that the federal courts may adjudicate only "cases and controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). The "case or controversy" requirement ensures that courts consider only tangible disputes capable of resolution rather than disputes presenting purely hypothetical or abstract issues. Flast v. Cohen, 392 U.S. 83, 94-95 (1968).

Standing to sue is part of the common understanding of what makes a case justiciable. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). The party invoking federal jurisdiction bears the burden of establishing standing. Id. at 104. To establish the irreducible constitutional minimum of standing, a party must allege and ultimately prove: (1) an injury in fact suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical; (2) a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant; and (3) a likelihood that the requested relief will redress the alleged injury. Id. at 102-03 (internal quotations and citations omitted).

The plaintiff does not allege that he suffered any concrete and actual or imminent harm from the defendant's alleged actions. Accordingly, the plaintiff does not have standing to bring this action.

Because I find that the court does not have subject matter jurisdiction over the plaintiff's claims, this action must be dismissed without prejudice.[1] Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) (stating that dismissal for lack of jurisdiction must be without prejudice).

## IV.   CONCLUSION

I respectfully RECOMMEND that (1) Defendant's Motion to Dismiss [Doc. #7, filed 11/6/06] and (2) Defendant United States Senator Wayne Allard's Motion to Dismiss Amended Complaint [Doc. #17, filed 1/19/07] be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] In addition, because I find that the defendant is immune from suit and that the plaintiff does not have standing to bring this action, I do not address the defendant's remaining arguments.

Dated August 20, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge